GIRARD ET AL. v. CARSON ET AL.

22  345
32  100
22  345
f37  186

1. MINING CLAIMS—LOCATION.

In order that the locator of a mining claim may obtain a right to mining property by virtue of his location, the same must be made upon the unappropriated lands of the United States.

2. SAME—ADVERSE PROCEEDINGS.

Where an application is made for a patent to another claim which includes within its limits the original discovery shaft of a prior location, the owners of such prior location must institute adverse proceedings within the time provided by law, or lose not only the territory actually in conflict, but all right based upon such location.

3. SAME.

It is necessary for the claimant in adverse proceedings, in order to show a valid location, to establish that the location was in fact made upon vacant and unappropriated territory, and the defendant, for the purpose of defeating the plaintiff's claim, may prove a better right in a third party.

*Appeal from the Court of Appeals.*

The decision of the court below in this case is reported under the title of *Miller et al. v. Girard et al.*, 3 Colo. App. 278.

Mr. W. W. COOLEY and Mr. AARON HEIMS, for appellants.

Mr. C. W. FRANKLIN and Mr. PORTER PLUMB, for appellees.

CHIEF JUSTICE HAYT delivered the opinion of the court.

This is an adverse suit, instituted by J. B. Girard and others, as the owners of the Long John mining claim, situate in Pitkin county, Colorado. J. C. Carson and others were made defendants. The defendants claim the ground in controversy as a part of the Aurora and Elgin mining claims.

Plaintiffs in the complaint allege that the Long John mining claim was located upon the unappropriated public

domain of the United States on the 25th day of June, 1883. The defendants' claims were not located until five years thereafter, to wit, in 1888.

Another mining claim that has an important bearing upon the controversy is owned by third parties, and is known as the "North Star." In 1889 the owners of this mining claim applied for a patent, and prior to the institution of this suit obtained a receiver's receipt for all the territory embraced within the North Star location. The defendants having introduced proof tending to show that the original discovery shaft of the Long John claim was located within the exterior boundaries of the North Star claim as patented, they asked the court to give the following instruction with reference thereto :

"The jury are instructed that if you believe from the evidence that the original discovery shaft of the Long John lode was sunk on unappropriated ground and that afterwards the plaintiffs permitted it to be taken away from them and patented as a part of the North Star lode mining claim, the plaintiffs cannot recover in this suit unless they made another location on unappropriated ground by setting up a new discovery stake at the new discovery shaft and otherwise complied with the requirements of the law as indicated in instruction 1, with regard to the location of a mining claim."

This instruction correctly states the law applicable to the evidence and should have been given. In order that the locator of a mining claim may obtain any right to mining property by virtue of his location, the same must be made upon the unappropriated lands of the United States, and where application is made for a patent to another, which includes within its exterior limits the original discovery shaft of a prior location, it is necessary for the owners of such prior location to institute adverse proceedings within the time provided by law, if they desire to hold any portion of the property by reason of their original location.

Where such adversary proceedings are commenced and determined adversely to the claimant, he thereby loses all

right, not only to the territory actually in conflict, but all right *based upon such location*, and a party failing to institute adverse proceedings within the time prescribed by statute stands in the same and no better position than one who has instituted such proceedings and suffered defeat. It matters not that the party in fact has the senior location. Upon failing to institute adverse proceedings, it will be conclusively presumed that his rights are inferior and subject to the party obtaining a patent.

As the statute only permits mineral locations to be made upon the unappropriated public domain of the United States, it is necessary for the claimant, in order to show a valid location, to establish that such location was in fact made upon vacant and unappropriated territory ; so likewise, the defendant, for the purpose of showing that plaintiffs' claim was not located upon lands subject to location, may prove a better right in a third party for the purpose of defeating plaintiffs' location.

This is not in conflict with the rule which requires each party in an adverse proceeding to rely upon the strength of his own title, rather than upon the weakness of his adversary's, for the reason that, in order to establish any title under the mining laws, each party must show a location upon unappropriated territory. This is now so well settled that it is unnecessary to do more than state the conclusion. *Armstrong v. Lower*, 6 Colo. 393; *Gwillim v. Donnellan*, 115 U. S. 45.

The instruction prayed for by the defendant correctly stated the law applicable to the proofs in this case. It was not contained in substance or in effect in the charge given by the court to the jury, and the judgment of the court of appeals, reversing the judgment of the district court, must be affirmed.

*Affirmed.*