BUNKER HILL MINING COMPANY, a Corporation, Appellant, v. FRANCIS J. P. PASCOE, Sr., Respondent.

### No. 1310.   (66 Pac. 574.)

1. **Mining Lease: Estoppel of Lessee to Deny Lessor's Title.**
Where plaintiff occupied a mining claim under a lease from the owner, agreeing in part consideration to procure a patent therefor in the owner's name, he was estopped to deny the latter's right to the ground covered by the lease on the ground that the only discovery of mineral thereon was at a place substantially the discovery-point of another and subsisting claim.

2. **Equity Case: Review of Evidence: Correctness of Decree.**
In an equity case the Supreme Court will look into the evidence to determine the correctness of the decree.[1]

(Decided November 14, 1901.)

Appeal from the Third District Court, Salt Lake County.—
*Hon. A. N. Cherry,* Judge.

Action by the plaintiff to determine an adverse claim to the Ada lode mining claim, for which the defendant is seeking to obtain a United States patent. From a judgment in favor of the defendant, the plaintiff appealed.

Affirmed.

*Messrs. Pierce, Critchlow & Barrette* for appellant.

*J. M. Thomas, Esq.,* and *Messrs. Brown & Henderson* for respondent.

---

[1] Mining Co. v. Lowry, 19 Utah. 334, 57 Pac., 11.

PER CURIAM.—This action was brought by the appellant herein to determine an adverse claim to the Ada lode mining claim, for which the respondent is seeking to obtain a patent in the United States land office. It appears from the record that on April 15, 1875, one Bynum Lane located the Chief mining claim, which runs north and south, and duly filed his location notice, and thereafter the respondent continued to do work upon it, and since its location it has been a subsisting claim. On April 20, 1875, Bynum Lane, the locator and owner of the Chief, located the Ada mining claim. The validity of this claim is now in dispute. The Ada is located across the Chief. The discovery monuments of the Ada and of the Chief were where the vein in the Chief and the vein in the Ada cross. They were close together—within about 10 feet of each other. The Chief discovery was at a "blow-out" where the Ada discovery was, and both were made on the same mineral, but within the boundary lines of the Chief. Work has ever since been done on the Ada by the respondent, but all of it has been done within the lines of the Chief. The respondent is the grantee and owner of the Ada as well as of the Chief. The Bunker Hill claim was located by J. C. Reynolds, February 28, 1885, and includes within its lines a part of the Ada claim, as well as part of the Chief, and was afterwards conveyed to the appellant, who claims it as a valid claim, and that it is entitled to the area in controversy because the evidence shows that the Ada claim was not at the time of its location, and never has been a valid or subsisting claim, for the reason that the only discovery of mineral made within its boundaries was at the discovery point, which was placed substantially at the discovery point of the Chief claim, which has since been a valid and subsisting claim. The district court found the issues in favor of the defendant, and the plaintiff appeals to this court.

So far as we are able to determine from the pleadings and the evidence, it appears that the plaintiff occupied and worked •

the Ada claim under a lease from the owner, paying a royalty therefor, at and prior to the commencement of these proceedings, and, as a further consideration for said lease, agreed to procure a patent for said Ada claim in defendant's name at the expense of plaintiff, and to complete said patent proceedings at the earliest date, and was also to do work thereon. The discovery point of the Ada was also covered by the plaintiff's location. Under such circumstances, we hold that the plaintiff is estopped from denying the right of the defendant to the ground covered by the lease. This being an equity case, the court will look into the evidence for the purpose of determining the correctness of the decree. Mining Co. v. Lowry, 19 Utah 334, 57 Pac. 11; Eustis v. Bolles, 150 U. S. 361, 14 Sup. Ct. 131, 37 L. Ed. 1111.

The judgment of the district court is affirmed, with costs.