WALTER C. REYNOLDS, JOSEPH HUGHES, and GEORGE BRANDE, Appellants, v. FRANCIS J. P. PASCOE, Sr., Respondent.

### No. 1311. (66 Pac. 1064.)

1. **Mining Claims: Application for Patent: Protest and Adverse Claim: Relocation: Former Discovery.**
   Defendant was grantee and owner of two mining claims. The lines of the junior claim crossed the senior claim; the discovery monument of both claims being at the intersection of the veins in each, about ten feet apart, and the discovery point of the junior claim being at the same blow-out where the discovery was made in the senior; and both discoveries were made upon the same mineral, and within the lines of the senior claim. Plaintiff, after the location of the defendant's two claims, located a third claim which crossed them both. Defendant had never abandoned either of his claims. *Held*, that, in a conflict between the second and third locations, the third must prevail, since the same discovery point can not be used for the location of two mining claims, and a location posted upon a discovery made within the limits of another existing and valid location is void.

2. **Same: Estoppel: Pleading, Necessity of.**
   Where there is no plea of estoppel, the question can not be raised.

3. **Same: Application to Amend to Trial Court.**
   Application for leave to amend the pleadings must be made to the trial court.

### (Decided December 24, 1901.)

Appeal from the Third District Court, Tooele County.—*Hon. A. N. Cherry,* Judge.

Action to determine an adverse claim to the Ada mining claim for which the defendant is seeking to obtain a patent. From a judgment in favor of the defendant, the plaintiffs appealed.

REVERSED.

*Messrs. Pierce, Critchlow & Barrette* for appellants.

*J. M. Thomas, Esq.,* and *Messrs. Brown & Henderson* for respondent.

PER CURIAM.—This action was brought by the appellants to determine an adverse claim to the Ada mining claim for which the respondent is seeking to obtain a patent. It appears that on the fifteenth day of April, 1875, Bynum Lane located the Chief mining claim, which runs northerly and southerly, and duly filed his notice of location, and thereafter performed work upon it. Five days thereafter, and on the twentieth day of April, 1875, said Bynum Lane, then the owner of the Chief mining claim, located the Ada mining claim. The lines of the Ada cross the Chief claim. The discovery monuments of the Ada and of the Chief were where the vein in the Chief and the vein of the Ada cross. They were close together, being within about ten feet of each other. The Chief discovery point was at a blow-out where the Ada discovery was, and both were made on the same mineral, but within the boundary lines of the Chief. Work has been done on the Ada by the respondent, and all of it was done within the lines of the Chief. The respondent is the grantee and the owner of the Ada and Chief. On the seventh day of February, 1899, the appellants located the Oregon No. 2 mining claim, which crosses the Ada and the Chief claims. The appellants claim that the survey of the Ada was so made as to include a portion of the Oregon No. 2, and therefore filed their protest and adverse claim to said respondent's application for a patent. The court found the issues in favor of the respondent, and the plaintiffs appeal.

The appellants now contend that the Ada claim has never been a valid location, for the reason that the only mineral found within the limits of the claim was found within the limits of the Chief claim, and at the Chief discovery

point—the Chief being the older claim—and that the discovery of mineral in the Chief was the same discovery of mineral found in the Ada, and at the same point. The respondent has continued to work the Chief and Ada claims, respectively, since they were located. In Belk v. Meagher, 104 U. S. 284, 26 L. Ed. 737, it is said: "Mining claims are not open to relocation until the rights of the former locator have come to an end. A relocator seeks to avail himself of mineral in the public lands which another has discovered. This he can not do until the discoverer has, in law, abandoned his claim, and left the property open for another to take up. The right of location upon the mineral lands of the United States is a privilege granted by Congress, but it can only be exercised within the limits prescribed by the grant. A location can only be made where the law allows it to be done. Any attempt to go beyond that will be of no avail. Hence a relocation on lands actually covered at the time by another valid and subsisting location is void; and this not only against the prior locator, but all the world because the law allows no such thing to be done." The same discovery point cannot be used for the location of two or more claims located upon the public domain. If the locator of the Chief could, five days after its location, locate the Ada over the same discovery point, he could go on indefinitely locating other claims over the same discovery. Hence, as said in 1 Lindl. Mines, section 337, a location posted upon a discovery made within the limits of another existing and valid location is void. It does not appear that the Chief was ever abandoned by the locator. On the contrary, it does appear that it has been worked since its location, and now remains under a bond and lease.

The respondent also claims that a new discovery of mineral was found on the north end after the location of the Ada, and that the respondent should be held to have abandoned the Chief, and that therefore this case comes within the rule laid down in Mining Co. v. Lowry, 19 Utah 334, 57 Pac. 11;

we find no evidence in the record to justify this claim. If any sufficient evidence is contained in the record affecting the Ada claim, the respondent has failed to point it out in his brief.

It is also claimed that the appellants are estopped by taking a bond and lease of the Chief and Ada claims. In the case of Mining Co. v. Pascoe, 24 Utah 60, 66 Pac. 574, we held that the estoppel, as pleaded, was sufficient to bar the right of the appellant. In the present case no estoppel was pleaded. Therefore that question can not be raised in this case. 8 Ency. Pl. and Prac., pp. 8, 9. If any amendments to the pleadings in this case are desired, application must be made therefor to the trial court.

The judgment of the district court is reversed, with directions to grant a new trial, with costs.