[No. 4763.]

## HOBAN v. BOYER.

1. **Mines and Mining—Adverse Suits—Location on Appropriated Ground.**

In an action in support of an adverse claim, the defendant may show that the plaintiff's location was made upon ground embraced within a prior, valid, subsisting location, and if he succeeds in doing so, it is a bar to plaintiff's recovery.—P. 186.

2. **Appellate Practice—Refusal of Competent Offer of Proof.**

The refusal of a competent offer of proof by the trial court is reversible error, and although the evidence might not have been sufficient to prove the offer, the adverse party cannot avail himself of such fact on appeal.—P. 186.

*Appeal from the District Court of Clear Creek County.*

*Hon. Frank W. Owers, Judge.*

Action by U. W. Boyer against J. J. Hoban in support of an adverse to a mining claim. From a judgment for plaintiff, defendant appeals.

*Reversed and remanded.*

Mr. W. A. WILLIAMS, for appellant.

Mr. JOHN WHITE, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action in support of an adverse claim filed in the United States land office. The controversy is over a strip of ground in conflict between the Golconda lode mining claim, owned by the plaintiff, and the Davidson No. 1 lode, owned by the defendant. The result of the trial was a judgment for the plaintiff, from which the defendant appeals. Two grounds are relied upon for reversal.

1. The defendant maintains that the verdict of the jury was manifestly against the weight of the evidence. Our examination of the record discloses

that the evidence was in serious conflict, but was legally sufficient to support the verdict. The verdict is not so manifestly against its weight as to indicate that it was the result of passion or prejudice.

2. The defendant offered to show that at the time the Golconda lode was located the same ground, including the discovery point, was embraced within a prior, valid subsisting location. This offer of proof was refused by the court on plaintiff's objection that such evidence was incompetent and immaterial, and did not tend to prove any issue in the case. The answer denied that plaintiff's location was good, hence this ruling was wrong,. and because. of it the judgment must be reversed. A valid lode mining location must be upon unoccupied and unappropriated public domain. In a suit in support of an adverse claim, the defendant may show that the plaintiff's location was made upon ground embraced within a prior, valid, subsisting location, and if he succeeds in the same, it is a bar to plaintiff's recovery. —*Armstrong et al. v. Lower*, 6 Colo. 393; *Girard v. Carson*, 22 Colo. 345; *Michael v. Mills*, 22 Colo. 439; *Calhoun Mining Co. v. Ajax Mining Co.*, 27 Colo. 1; *Kirk v. Meldrum*, 28 Colo. 453; *Moyle v. Bullene*, 7 Colo. App. 308; *Gwillim v. Donnellan*, 115 U. S. 45; *Del Monte M. Co. v. Last Chance Co.*, 171 U. S. 55.

Plaintiff does not question the foregoing rule, but denies its applicability to the facts. We fail to perceive the force of appellee's argument. It may be that defendant's evidence might not be sufficient to prove the offer, but, if so, that cannot avail the plaintiff here. It was a good offer, and evidence, if any, in support of it should have been admitted.

The judgment is reversed and the cause remanded.                                            *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.