340 P.2d 1116

Charles CRAM, Ambrose Myers, J. M. Cherrington and Norman Cram, Plaintiffs and Respondents,

v.

Jack CHURCH, Tone R. Hamblin, and J. Mark Holmes, Defendants and Appellants.

No. 8926.

Supreme Court of Utah.

June 23, 1959.

Van Cott, Bagley, Cornwall & McCarthy, David E. Salisbury, Salt Lake City, for appellants.

Ellis J. Pickett, St. George, for respondent.

COWLEY, District Judge.

Plaintiffs brought this action to quiet title to an unpatented mining claim known as the Apple Jack. Defendants in their answer denied the validity of the Apple Jack claim of the plaintiffs and sought by counterclaim to quiet title to their alleged unpatented mining claims known as the J.M.T. No. 1 and J.M.T. No. 2. The Apple Jack claim was prior in time and was staked over by the two J.M.T. claims. The trial court quieted title in the plaintiffs to the Apple Jack claim and dismissed the counterclaim. Defendants appeal seeking a reversal of the judgment upholding the Apple Jack claim and dismissing their counterclaim.

This case involves the north 960 feet of an 80-acre tract of public domain located near Kanab in Kane County, Utah. Both parties prospected this 80-acre tract of public land for uranium ore in March, 1954. Plaintiffs located several claims known as Apple Jack No. 1, 2 and 3 on March 4, 1954, the north boundary line of Apple Jack No. 1 being 960 feet south of the north boundary line of the 80-acre tract. Apple Jack No. 2 and 3 were located south of Apple Jack No. 1. Two days later, on March 6, 1954, plaintiffs located the Apple Jack claim, the one in dispute on this appeal, immediately north of Apple Jack No. 1, which covered the south 600 feet of the north 960 feet in dispute of the 80-acre tract.

A few days later, on March 13, 1954, the defendants accurately laid out their J.M.T. claims starting at the north boundary line of the 80-acre tract with their J.M.T. No. 1 claim and moving south-

ward locating J.M.T. No. 2, 3, 4 and 5, covering the entire 80-acre tract.

Since the Apple Jack claims were prior in time, defendants at the trial voluntarily reduced their claims to the north 960 feet of the 80-acre tract and abandoned their rights in their J.M.T. claims south of this line which were in conflict with the Apple Jack claims numbered 1 through 3. The north 960 feet involved on this appeal includes defendants' J.M.T. claim No. 1 and the north half of defendants' J.M.T. No. 2. Plaintiffs' Apple Jack claim which was also prior in time, but is contested by defendants on this appeal, for reasons hereinafter stated, covers the south 600 feet of the north 960 feet of the 80-acre tract. There can be no dispute therefore as to defendants' right to the north 360 feet. The remaining 600 feet constitutes the disputed area. The tract is 1,320 feet running east and west. Bounded on the east of the 80-acre tract of public domain is private patented land owned by Jack Church, one of the defendants, which includes the mineral rights. Jack Church lives at and operates a farm on this property. Plaintiffs in locating their Apple Jack claim on March 8, 1954, immediately north of their Apple Jack No. 1 claim, made their discovery of mineralization and placed their discovery monument and also the east center and corner monuments, east of the public domain and on the private property of Jack Church. This part of Jack Church's property was rough country, and plaintiffs did not know that it was privately owned land at the time they made their location. There was testimony by plaintiffs that they later removed their discovery monument, east center and corner monuments from Jack Church's privately owned land and placed the same upon the public domain, thereby shortening their claim to the 1,320 feet running east and west on the 80-acre tract of public domain. This testimony was indefinite and uncertain as to time and place of moving these monuments back onto the public domain from the private land, but if it were done, the only reasonable conclusion that can be drawn from the evidence is that it was done after the J.M.T. No. 1 and No. 2 claims were located. The plaintiffs did not amend their original notice of location or descriptions.

In the other Apple Jack claims which defendants relinquished all rights to at the trial, the plaintiffs made their discovery of mineralization on the public domain. An escarpment ran from the Jack Church property in a southwesterly direction crossing over onto the public domain, and the plaintiffs followed this escarpment, moving southwesterly on the public domain, in placing the points of discovery and monuments for their Apple Jack claims No. 1 through 3.

Because the Apple Jack claim in dispute was prior in time, the trial court quieted title to this claim in the plaintiffs, finding

that "plaintiffs through inadvertence and mistake placed their end center and corner monuments and discovery monument upon land owned by Jack Church, one of the defendants herein, *but that the discovery of mineral in place was upon public domain;* and thereafter, said plaintiffs removed their monuments from said privately owned land and placed the same upon the public domain." (Italics ours.)

Defendants seek a reversal in this case on the grounds that under the evidence the Apple Jack claim was void, since the discovery of mineralization and the discovery monument were not located on public land.

 As to the Apple Jack claim in question, the evidence is clear that plaintiffs made their discovery of mineral in place upon private property and not upon the public domain, as found by the trial court. It is equally clear also that there was no mistake or inadvertence on the part of the plaintiffs in placing their discovery monument near the point of discovery and east center and corner monuments upon the private land. The fact that the plaintiffs at the time of prospecting believed they were on the public domain, not knowing where the section line ran, separating the public land from the privately owned land, can be of no help to them. Prospectors are

charged with the duty of knowing the public domain subject to location. In this case the plaintiffs did not have the aid of a surveyor which was unfortunate. The evidence does not support the finding of the trial court.

██ We come now to the law of the case. It is a basic principle of mining law that a valid mining location cannot be made unless the place of discovery and discovery monument are located on unappropriated public domain.[1] As stated by Lindley, the distinguished authority on mining law: "It is almost unnecessary to repeat what we have heretofore said, that title to a mining claim can only be initiated by discovery, upon the unappropriated lands of the government. No rights are acquired by an entry within the surface lines of patented lands, or other lands which are withdrawn from the body of the public domain." Moyle v. Bullene, 7 Colo.App. 308, 44 P. 69; Brewster v. Shoemaker, 28 Colo. 176, 63 P. 309, 310, 53 L.R.A. 793; Kirk v. Meldrum, 28 Colo. 453, 65 P. 633.[2] The same principle is stated in Morrison's Mining Rights.[3]

 The Supreme Court of the State of Utah has long recognized the principle that the point of discovery must be located upon open public land. In Watson v. Mayberry,[4] this court said, "The location of a

---

1. See 30 U.S.C.A. §§ 22, 23; U.C.A. (1953) 40–1–1, 40–1–2.
2. Lindley on Mines, 3rd Ed., Sec. 337.
3. Morrison's Mining Rights, 16th Ed., p. 38.
4. Watson v. Mayberry, 1897, 15 Utah 265, 49 P. 479, 482.

mining claim is absolutely void when its discovery point is within another valid claim. In that case the locator can treat his location as absolutely void and make another location, placing his discovery at a point where there is valuable mineral of the character described in the laws of the United States, on ground subject to location." In the Watson v. Mayberry case the defendant failed to make a timely relocation.

The same rule is affirmed in Reynolds v. Pascoe (Utah),[5] where the discovery was made within the limits of another existing and valid location, the claim was held void. In another Utah case, Lockhart v. Farrell,[6] the court in discussing this matter said:

"* * * therefore, the locator of the Cliff did not discover a vein or lode on, or make a valid location of, unappropriated and unoccupied mineral lands of the United States, and because thereof his location is and was void not only against the locators of the South Mountain, but all the world. The following proposition may be said to be well established and generally recognized: (1) That a discovery of a vein or lode on unoccupied and unappropriated mineral lands of the United States is a prerequisite to a valid location of a mining claim."

The principle is the same whether the point of discovery and discovery monument are located on patented privately owned land, as here, or on another valid claim.

The plaintiffs in the present case could not amend the location of the Apple Jack claim by merely moving the monuments onto the public domain, if this was their intention, although the plaintiffs made no attempt to amend their original notice of location or descriptions. In any event a void location is not amendable.[7] Plaintiffs could have relocated their claim at any time prior to the location of defendants' J.M.T. No. 1 and 2 claims, but this they failed to do. This is not a case of a deficient notice of location or of inaccuracy of description which is amendable. The fact is, the discovery of mineralization and discovery monument relied upon by the plaintiffs to initiate title to their alleged Apple Jack claim were placed upon private land, and not public domain, therefore, the plaintiffs' Apple Jack claim is void, and the subsequent location of defendants' J.M.T. No. 1 and No. 2 claims are valid.

5. Reynolds v. Pascoe, 1901, 24 Utah 219, 66 P. 1064, 1065.
6. Lockhart v. Farrell, 1906, 31 Utah 155, 159, 86 P. 1077.

7. Moyle v. Bullene, 1896, 7 Colo.App. 308, 44 P. 69.

Defendants are entitled to have the north 960 feet in question quieted in them to the exclusion of the alleged Apple Jack claim, which covers the south 600 feet of the north 960 feet of the 80-acre tract of public land.

Judgment reversed. Parties to bear their own costs.

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ., concur.

WORTHEN, J., deceased.