SALLY M. PALMER v. HENRY M. DODD.

*Public lands—Specification of quantity in patent—Effect of meander lines.*

When the United States grants by patent land described by a legal subdivision, the grantee is entitled to all the land embraced within such legal subdivision, and is not limited by the number of acres specified in the patent or upon the government plat. The meanders have no significance as boundaries, and are not intended as such, but are run simply to afford a means of computing the area contained in the fraction which the government requires payment for on sale of the public domain. But such grantee cannot derive title to land upon another legal subdivision. *Wilson v. Hoffman,* 54 Mich. 246; *Keyser v. Sutherland,* 59 Id. 455.

Error to Calhoun. (Hooker, J.) Argued January 6, 1887. Decided January 20, 1887.

Trespass to lands. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*H. A. Shaw (Miner & Stace,* of counsel), for appellant.

*John M. Corbin,* for defendant.

CHAMPLIN, J. This was an action of trespass brought before a justice of the peace.

The declaration is in the usual form, and describes the trespass as having been committed on the south-west fractional quarter of section 23, in township 1 south, range 4 west, in the State of Michigan. The plea was the general issue. On the trial in the circuit court, to which the case had been appealed, the evidence showed that the plaintiff was the owner in fee of the south-west fractional quarter of section 23, by a patent issued by the general government, in which the premises were so described, and the quantity of land as being 16.75 acres.

The evidence also showed that the defendant was the owner in fee of the east half of the north-west fractional quarter of section 23, described in the United States patent as containing 57 acres. This section is made fractional by a lake and marsh, which was meandered by the surveyor in making the United States survey. The point where the trespass was committed was within the boundaries of the south-west quarter of section 23, if the quarter lines of the section should be extended, in accordance with the law of Congress, from the opposite quarter-section posts; and the plaintiff gave evidence tending to show that she and her husband, through whom she claimed, had been in actual possession of the *locus in quo* for over 20 years. The lake, which is surrounded by the marsh, is mostly located upon the south-east quarter of the south-west quarter of the section.

Defendant's contention is that, inasmuch as the general government, in making its survey of the public lands, ran meander lines around this marsh, and designated it upon its plats as lake and marsh, he is entitled to draw straight lines from the points where the east and west boundary lines of his land would intersect the meander line to the center of the lake in the south-east quarter of the south-west quarter of the section, and that such lines would mark the boundary of his land, and that he would own to the center of the lake as a riparian proprietor. The learned circuit judge entertained this view of the case, and gave judgment for defendant. In this he erred.

When the United States grants by patent land described by a legal subdivision, the grantee is entitled to all the land embraced within the legal subdivision contained in his grant, and is not limited by the number of acres specified in the patent or upon the government plat. The meanders have no significance as boundaries, and are not intended as such. They are run simply to afford a means of computing the area contained in the fraction which the United States requires.

payment for on sale of the public domain. But no grantee by such patent, granting a legal subdivision of land, can derive title to land upon another legal subdivision. This we have decided in the cases of *Wilson v. Hoffman*, 54 Mich. 246, *Keyser v. Sutherland*, 59 Id. 455, which were based upon the decision of the Supreme Court of the United States in *Brown's Lessee v. Clements*, 3 How. 650.

The principles which govern the rights of riparian proprietors do not apply to defendant's grant. No part of the land granted to him in the description contained in his patent was bounded by a lake or other water. His grant extended no further south than the east and west quarter line of the section, and this line did not touch or intersect the shore of any lake. Indeed, the lake is nearly 40 rods south of this line.

The judgment must be reversed, and a new trial granted.

CAMPBELL, C. J., and MORSE, J., concurred. SHERWOOD, J., did not sit.