JOHN WHITTAKER, Appellant v. JOSHUA GREEN-
WOOD, BLACK, et al., Respondents.

1. *Filing of Notice of Lis Pendens—Not Necessary When Actual
Notice is Given.*
Section 3206, Comp. Laws, providing that notice of lis pendens
may be filed with county recorders, does not in any way
change the rule of law relating to actual notice of the pend-
ency of the action, nor the effect of such actual notice upon
parties dealing with or obtaining possession or title to land in
litigation.

2. *Question not in the Findings or Agreed Statement of Facts not
Considered.*
Where there are no findings upon the question of the statute of
limitations, and the facts agreed upon are silent upon the sub-
ject, the question cannot be considered upon appeal.

(No. 937.   Decided June 17, 1898.)

Appeal from district court, Fifth district; E. V. Hig-
gins, *Judge.*

Suit by James Whittaker against Joshua Greenwood,
Caroline Black, and Burnham, Hanna, Munger & Co., a
corporation, to quiet title. There was a decree for de-
fendants, and plaintiff appeals. *Affirmed.*

*George Westerfield,* for appellant:

*If no lis pendens be filed, the party acquiring an interest or
claim pendente lite stands wholly unaffected by the suit.* If he
has any rights, which, but for the suit, he could set up, he
may still maintain those rights. But he would not be fore-

17 Utah—3

closed by a judgment against the party to the suit from whom he obtained his assignment. 2 Devlin on Deeds, sec. 804; *Richardson* v. *White*, 18 Cal. 103; *Ault* v. *Gassaway*, Id. 205; *Head* v. *Fordyce*, 17 Id. 149; *Sampson* v. *Ohleyer*, 22 Id. 201, 211.

*Warner* and *Houtz*, for respondents.

MINER, J.:

This action was brought to quiet title to a certain piece of land referred to in the complaint. Upon an agreed statement of facts the court found: That on the 28th day of January, 1897, plaintiff recovered judgment against the Salt Lake Equitable Co-operative Institution for the sum of $5,074. An execution was issued thereon, and levied upon all the interest of the defendant, the Salt Lake Equitable Co-operative Institution, in a certain piece of land in question in this suit, by virtue of which defendant's interest was sold to plaintiff on March 16, 1897, and a certificate of sale thereof delivered by the sheriff. That on April 5, 1897, the said Salt Lake Equitable Co-operative Institution conveyed to plaintiff, for a valuable consideration, all its interest in said premises. That on November 17, 1891, the defendant, Caroline Black, was owner in fee and in possession of said land and premises claimed by appellant. That on that day, to secure the payment of $314 she was owing to said Salt Lake Equitable Co-operative Institution, she executed to it a deed absolute in form, but understood and agreed to be, and was in fact, a mortgage upon said land. Thereafter, in the year 1892, said Caroline Black paid to said Salt Lake Equitable Co-operative Institution all said indebtedness arising under said deed, and demanded a reconveyance to her of said

property, but said co-operative institution at all times since said demand and payment refused so to do. That on November 9, 1896, Caroline Black commenced a suit against said Salt Lake Co-operative Institution to obtain a decree to declare said deed a mortgage, and that the debt which the deed of said property was given to secure had been fully paid, and to cancel said mortgage. That no lis pendens was at any time filed in said cause with the county recorder. Said case was tried on March 5, 1897, and said court decreed the said deed a mortgage to secure said sum of $314, and that said defendant had been fully paid in the year 1892, and made its decree canceling said deed, and decreeing that said Salt Lake Equitable Co-operative Institution had no legal interest in said property, except as trustee for the use and benefit of said Caroline Black, the legal owner. Said decree was made prior to the sale upon plaintiff's execution, and remains valid, and was not appealed from. That at the time the plaintiff purchased the interest of said Salt Lake Equitable Co-operative Institution in said land at said sale under his execution, he had actual notice of the defendants' claim and interest in said premises. A decree was granted in favor of the defendants, from which the plaintiff appeals to this court.

The appellant contends that, because no notice of lis pendens was filed with the county recorder in said action of Black against Salt Lake Equitable Co-operative Institution, the appellant having acquired his interest in the property during the pendency of the suit to set aside the deed, he stands wholly unaffected by the decree of the court in said cause, notwithstanding he had actual notice of said suit, and the interest of said Caroline Black in said land, at the time he purchased under his execution sale, and obtained said conveyance. We do not concur in this. Under section 3206, Comp. Laws Utah 1888 (Rev. St. §

2953), notice of lis pendens may be filed with the county recorder. The object of this statute was to provide a mode for giving constructive notice which was formerly given by the commencement of the action itself. It does not in any way change the rule of law relating to actual notice of the pendency of the action, nor the effect of such actual notice upon parties dealing with or obtaining possession or title to the land in litigation. In this case it appears that at the time plaintiff purchased under his execution sale and obtained a conveyance of the interest of the Salt Lake Equitable Co-operative Institution in said land he had actual notice, and was not in a position to object if the statutory notice had not been filed, the filing of which was intended only to give him the notice which he had already or afterwards acquired before purchase. *Sharp* v. *Lumley*, 34 Cal. 611; *Sampson* v. *Ohleyn*, 22 Cal. 200; 2 Devl. Deeds, § 805; *Baker* v. *Pierson*, 5 Mich. 456; *Halley* v. *Oldham*, 41 Am. Dec. 262.

It is also claimed by the appellant that the cause of action on the part of the defendant Caroline Black versus the Salt Lake Equitable Co-operative Institution was barred by the statute of limitations, and that appellant has the right to interpose such statutory bar in this action. It does not appear from the complaint or findings in this case that this claim was made by the appellant in the court below, nor does the record disclose that such a defense was interposed anywhere. If the statute of limitations was interposed, the findings are silent upon that subject, and no objections or exceptions are raised to the findings. The findings were based upon the agreed state of facts, which were also silent upon that subject. If the appellant desired to interpose the statutory bar provided in section 3143, Comp. Laws Utah 1888, it was his duty to plead the statute creating the bar. This he did not do.

Comp. Laws Utah 1888, § 3248, *Spanish Fork City* v. *Hopper*, 7 Utah 325; *Thomas* v. *Glendinning*, 13 Utah 47; *Fullerton* v. *Bailey*, 17 Utah 85; *Howell* v. *Rogers*, 47 Cal. 291. If errors were committed by the trial court in its proceedings, findings, and judgment, they should have been presented and pointed out by proper assignments and exceptions. The appeal seems to have been taken from the judgment, but no errors are assigned upon the record as shown by the abstract. Under the circumstances we do not deem it necessary for further discussion of the questions presented in the case. The judgment of the district court is affirmed, with costs.

ZANE, C. J., and BARTCH, J., concur.