## TANNER v. PROVO RESERVOIR CO. et al.

No. 4979. Decided August 10, 1931. (2 Pac. [2d] 107.)

*M. R. Straw* and *A. H. Christenson,* both of Provo, for appellant.

*A. C. Hatch,* of Heber, and *A. L. Booth* and *I. E. Brockbank,* both of Provo, for respondents.

ELIAS HANSEN, J.

The plaintiff brought this suit to quiet the right, as against the defendants, to the use of a flow of five cubic feet per second of the waters of Provo river, and also to require T. F. Wentz, as water commissioner of Provo river, to deliver to the plaintiff the water claimed by him.

Provo river is a natural water course. It rises in Summit and Wasatch counties, Utah, and flows in a southwesterly direction through said counties, thence into Utah county, and empties into Utah Lake. Plaintiff's claim to the use of the water which forms the subject-matter of this controversy is founded upon a certificate of appropriation issued to him by the state engineer of Utah on September 13, 1924. The plaintiff alleges in his complaint that during the years 1925 and 1926 T. F. Wentz, the water commissioner of Provo river, delivered to the defendants, at their special instance and request, the water to which he (plaintiff) was entitled by reason of his certificate of appropriation, and that T. F. Wentz, as such commissioner of Provo river, will continue to deliver such water to the defendants unless restrained by an order of court. T. F. Wentz, as commissioner of Provo river, was originally made a party defendant, but the suit as to him was dismissed. The defendants, in their answer, assert ownership in themselves of all of the water which has been delivered to them by the commissioner of Provo river, and they allege that they have the right to continue to have such water delivered to them. Defendants also attack, upon various grounds, plaintiff's right to the use of any of the water of Provo river by reason of his certificate of appropriation, and further allege that plaintiff is estopped from questioning defendants' right to the use of

the water in controversy because of a decree entered in a cause wherein plaintiff and defendants were parties. Upon issues joined a trial was had before the court sitting without a jury. Findings of fact, conclusions of law, and a decree were entered whereby plaintiff's right to the use of a flow of five cubic feet per second of the water of Provo river was sustained, and the defendants were awarded the right to the use of the water which had theretofore been decreed to them in the cause wherein plaintiff and the defendant Provo Reservoir Company were parties. The defendant Provo Reservoir Water Users' Company claims title through the Provo Reservoir Company. The decree provides that plaintiff's right is inferior and subject to the prior rights of the defendants. Plaintiff appeals from that part of the decree which fixes his right as being inferior and subject to the rights of the defendants. Defendants appeal from that part of the decree which awards to the plaintiff the right to the use of a flow of five cubic feet per second of the water of Provo river. Defendants, however, have failed to file any assignments of error in support of their appeal. Rule 26 of this court provides:

"Appellant shall assign errors in writing, subscribed by himself or his counsel, and shall serve a copy thereof on respondent or his counsel, and file the original with the clerk of this court within fifteen days from the time of the filing of the transcript of the record on appeal. If respondent desires to assign cross-errors, he shall do so in writing, and shall serve a copy thereof on appellant or his counsel and file the original with the clerk of this court within five days from the time of service of appellant's assignments. Such service may be personal or by mail. Each alleged error shall be separately stated. When the alleged error is upon the ground of the insufficiency of the evidence to sustain or justify the verdict or decision the particulars wherein the evidence is so insufficient shall be specified. Said assignments, or so much thereof relied upon, shall be set forth in the printed abstract, together with reference to the pages in the transcript and abstract where the rulings and exceptions pertaining thereto appear."

Defendants have not within the time fixed by the rule just quoted or at all filed any assignment of errors. There

appears in a printed supplemental abstract and in an additional supplemental abstract filed by the defendants what purport to be copies of defendants' assignment of errors, but such purported copies may not be treated ▮ as assignment of errors. *Lyon* v. *Mauss,* 31 Utah 283, 87 P. 1014; *American Trust Co. of St. Louis* v. *Millard County Drainage District No.* 3 (Utah) 284 P. 1000. In the absence of something which goes to jurisdiction, this court is not authorized either by statute or rules of court to review any ruling of the district court in the absence of an assignment of error designating or specifying the alleged error. *Teakle* v. *San Pedro, L. A. & S. L. R. Co.,* 32 Utah 276, 90 P. 402, 10 L. R. A. (N. S.) 486; *Andrews* v. *Free,* 45 Utah 505, 146 P. 555; *Perrin* v. *Union Pac. R. Co.,* 59 Utah 1, 201 P. 405. Other opinions of this court to the same effect are referred to in the cases just cited. Thus the only question that we are authorized to consider on defendant's appeal is the claim made by them that the complaint fails to state facts sufficient to constitute a cause of action. The complaint, in substance, alleges that plaintiff is the owner and holder of a certificate of appropriation for a flow of five cubic feet per second of the water of Provo river issued by the state engineer of the state of Utah on September 13, 1924; that the defendants have wrongfully appropriated the water, to which plaintiff is entitled, to their own use, and that defendants claim some interest in such water. In Laws Utah 1919, c. 67, § 56, p. 195, it is provided:

"The certificate [referring to the certificate of appropriation of water issued by the State Engineer of the State of Utah] so issued and filed shall be prima facie evidence of the appropriator's right to the use of the water in the quantity, for the purpose and during the time mentioned therein. The provisions of this Section shall refer to all certificates issued by the State Engineer."

Sufficient facts are alleged in the complaint to state a cause of action. If the defendants wished to question plaintiff's prima facie right to the use of the water mentioned

in his certificate of appropriation, it was necessary for them to set up the facts upon which they relied to defeat or avoid plaintiff's claim. The contention made by the defendants that the plaintiff, to state a cause of action, must allege, not only that he has title to the water right claimed, but also possession thereof, cannot be maintained.

The principal complaint made by plaintiff on his appeal is directed to that portion of the decree appealed from "wherein it is ordered * * * adjudged and decreed that the defendants Provo Reservoir Company and Provo Reservoir Water Users Company are the owners of the water rights so awarded to them by the court in case numbered 2888 civil as hereinbefore in the findings fully set out." The decree entered in case No. 2888 civil is the decree pleaded and relied upon by the defendants as constituting an estoppel of the plaintiff from questioning their rights to the use of the water in controversy.

The record before us shows, among other matters, that the following proceedings were had in the cause referred to as 2888 civil. In 1914 the Provo Reservoir Company, as plaintiff, brought a suit against about 400 defendants who claimed the right to use some of the water of Provo river. The cause was given the number of 2888 civil. In that suit the Provo Reservoir Company sought to quiet its title to the water claimed by it in Provo river. One of the defendants in that suit was Charles H. Taylor. The plaintiff in this suit was not named as a defendant in 2888 civil and was not served with summons. After the suit was begun Charles H. Taylor conveyed his water right in Provo river to the plaintiff herein. On March 3, 1915, the plaintiff in this suit as "successor in interest of the defendant Charles H. Taylor as to certain rights to the use of the water of Provo River involved in this action and by leave of court first had and obtained" filed his answer. The answer so filed set up the water right which the plaintiff herein purchased from Charles H. Taylor. On December 3, 1915, plaintiff purchased and received a conveyance from one

A. L. Snow, of the water right application upon which the certificate of appropriation involved in this suit is founded. Snow was not a party to cause numbered 2888 civil. A tentative decree was entered in cause numbered 2888 civil under date of November 15, 1917. On May 2, 1921, the final decree in cause numbered 2888 civil was made and entered. The defendants contend that, because the plaintiff herein filed his answer as successor in interest to Charles H. Taylor in case numbered 2888 civil and submitted to a decree being entered in such cause fixing his right to the use of the water of Provo River, such decree, not only binds the plaintiff herein as to the water right purchased from Taylor, but likewise binds the plaintiff as to the water right application purchased from Snow. The plaintiff contends that the decree in cause numbered 2888 civil has no binding effect upon him as to the water right application which he purchased from Snow. This question of law is thus presented for determination: Was the right which the plaintiff purchased after cause numbered 2888 civil was begun, and before such cause was determined, affected by the decree entered in cause numbered 2888 civil? Stated in different language, was the plaintiff herein required to plead his claim under the Snow application which he purchased after he filed his answer in cause numbered 2888 civil, or, in case of failure to do so, is he forever estopped from setting up such claim against any rights decreed to the defendant Provo Reservoir Company in that cause? The effect of a judgment upon a right acquired pendente lite by a defendant in a case is discussed in Freeman on Judgments (5th Ed.) Vol. 2, § 716, p. 1510. We quote the entire section:

"The question has not yet been sufficiently discussed to enable one to foresee upon which side the weight of authorities will be finally ranged, as to whether a title may be regarded as an after-acquired one, when its acquisition, though after the commencement of the action, was prior to the rendition of the judgment therein. It is well settled that the issues in a case ordinarily refer to the beginning of the suit, and that matters occurring during its pendency are not in issue, and cannot be received in evidence, unless under

some supplemental pleading filed by permission of the court. So far as the plaintiff is concerned, no doubt he is not estopped from asserting any title acquired after the commencement of the action, because he must generally recover upon the cause of action held by him at that time, and cannot be aided by rights of action arising afterwards. A defendant will, however, ordinarily be permitted by the court to plead that he has acquired a defense, or that the plaintiff's cause of action has terminated pendente lite; and acting upon the rule that whatever may be presented as a defense to an action must be so presented, some of the courts have held that a title acquired by a defendant after the commencement of an action must be asserted by supplemental pleading therein, and not being so asserted, is forever lost to him. But, in our judgment, the defendant is under no obligation to enlarge the issues presented by the plaintiff's complaint, or in other words, to tender an issue respecting a matter which he claims to have occurred pendente lite, and if. he does not plead title acquired after the commencement of the action, is not estopped from asserting it in any subsequent controversy, though it is with the party who prevailed in the former action. An exception to this rule seems to prevail, however, in partition suits, in which the parties are bound to disclose and have adjudicated any title which they may have acquired pending the trial. A similar exception is apparently applied in cases involving the alleged confiscatory character of rates prescribed for a public utility. And, of course, where title or rights accruing subsequent to the commencement of the action are injected into the case and actually litigated and determined, they are concluded by the judgment. So an agreed judgment probably adjudicates all the rights of the parties as of its date."

Cases are cited in footnotes which support the text. No claim is made that any water right covered by the Snow application was actually litigated in cause numbered 2888 civil or that the parties to that cause agreed upon the decree entered therein. A suit such as 2888 civil is quite unlike a suit in partition. The reason stated in the adjudicated cases for making a suit in partition an exception to the general rule has no application to a suit brought for the purpose of determining the right to the use of the water of a river where the parties derive title at various times and from different sources. We are impressed with the reasons given in support of the rule that a defendant in a suit to quiet title is not required to set up a claim which

he acquires pendente lite. Moreover, it may be open to serious doubt if the plaintiff in this suit may be regarded as a defendant in cause numbered 2888 civil. In that suit plaintiff's appearance was rather that of an intervener than that of a defendant. He was not served with any process in case numbered 2888 civil. Such appearance as he made in the cause was by leave of court and was for the sole purpose of asserting a water right which he acquired from Charles H. Taylor against the other parties to that suit. Under all the authorities a plaintiff in a suit to quiet title is not required to set up a title acquired by him pendente lite. The rule applicable to a plaintiff should be applied to an intervener and according to what we considered to be the better reasoned cases should also be applied to a defendant. Under the facts and circumstances of this case we are of the opinion and so hold that the plaintiff in this suit is not estopped from asserting in this cause, as against the defendants, the water right which he acquired from Snow. As to such right plaintiff is in the position of a stranger to cause numbered 2888 civil, and as such his right under the Snow application was not lost or affected by the decree entered in that cause. *Taylor* v. *Barker*, Dist. Judge, 70 Utah 534, 262 P. 266, 55 A. L. R. 1032.

Early in the trial of this case the learned trial judge before whom it was tried announced that he would not admit or consider any evidence which tended to affect the rights of the defendants as fixed in cause numbered 2888 civil. Many of the plaintiff's 62 assignments of error are directed to the rulings of the trial court in refusing to admit evidence because such evidence tended to affect the water right decreed to the Provo Reservoir Company in cause numbered 2888 civil. Plaintiff also complains because the trial court made the following finding:

"The court in this action does not find itself justified in going behind the decree in said action No. 2888 civil or in setting aside or modifying the terms and provisions thereof.

"It is therefore hereby further ordered, adjudged, and decreed, that the defendants, Provo Reservoir Company and Provo Reservoir Water Users Company, are the owners of the water rights so awarded to them by the Court in Case No. 2888 civil as hereinbefore in the findings fully set out."

From what has been said it follows that the court below was in error in excluding evidence because such evidence tended to affect the rights decreed to the Provo Reservoir Company in cause numbered 2888 civil. If plaintiff acquired any rights under the application which he purchased from Snow which were in conflict with and superior to the rights decreed to the Provo Reservoir Company in cause numbered 2888 civil, then, and in such case, the decreed rights of the Provo Reservoir Company must necessarily give way to the superior rights of the plaintiff. The rights of the plaintiff under the certificate of appropriation upon which he relies in this case and the rights of defendants to the use of the water of Provo River must be determined independent of what water right was or was not decreed in cause numbered 2888 civil. The errors of the trial court in refusing to admit and consider evidence offered by the plaintiff because such evidence tended to affect the rights decreed to the Provo Reservoir Company in 2888 civil necessarily require a reversal of that part of the decree from which plaintiff prosecutes his appeal. These errors cannot be corrected, except by the granting of a new trial because the plaintiff was precluded from offering evidence which should have been received. We do not deem it necessary to pass upon each of the numerous assignments of error which are based upon the exclusion of evidence offered by the plaintiff. Such errors may readily be avoided upon a new trial by the trial court keeping in mind that the decree entered in cause numbered 2888 civil has no effect on the relative rights of the parties in this suit.

Defendants in their brief allege that the plaintiff should be estopped from attacking the decree entered in cause numbered 2888 civil, not only because he was a party to

that suit, but also because he has purchased and sold water rights which were decreed in cause numbered 2888 civil and also because he was employed by the Provo Reservoir Company as its irrigation engineer before and at the time cause numbered 2888 civil was being tried. A complete answer to these contentions is that the defendants have not pleaded or even mentioned such matters as an estoppel. The facts which a party claims constitute an estoppel must be pleaded to be available as a defense. *Knudsen* v. *Omanson,* 10 Utah 124, 37 P. 250; *Homberger* v. *Alexander,* 11 Utah 363, 40 P. 260; *Reynolds* v. *Pascoe,* 24 Utah 219, 66 P. 1064; In re Evans, 42 Utah 282, 130 P. 217; *Berow* v. *Shields,* 48 Utah 270, 159 P. 538. The defendants also seem to contend that plaintiff's right to any water under his certificate of appropriation is barred by the statute of limitations. No such issue was raised by the defendants' answer, and therefore that question may not be reviewed by us on this appeal. The defense of the statute of limitations is not available unless pleaded. Comp. Laws Utah 1917, § 6602. *Whittaker* v. *Greenwood,* 17 Utah 33, 53 P. 736; *Hayes* v. *Lavagnino,* 17 Utah 185, 53 P. 1029; *Leavitt* v. *Oxford & Geneva S. M. Co.,* 3 Utah 265, 1 P. 356. If the defendants claim an estoppel in pais against the plaintiff or claim that plaintiff's right under the Snow application is barred by the statute of limitation, they should be permitted to amend their pleadings so as to raise those issues.

Some evidence was offered by the plaintiff during the course of the trial of this case which tended to show that some of the water right decreed to the Provo Reservoir Company in cause numbered 2888 civil had, before the decree was entered in that cause, been diverted from Provo river at a point farther up the river than the point where the decree provides that such water might be diverted; and that, if the defendants are required to divert the water to which they are entitled at the point where such water was diverted before the decree in cause numbered 2888 civil was made and entered, the inflow of

water into Provo river between that point and the point where plaintiff diverts the water under his certificate of appropriation will be sufficient to supply the amount claimed by the plaintiff; that, if the defendants are permitted to divert their water as provided for in the decree made and entered in cause numbered 2888 civil, the plaintiff will be deprived of such inflow and hence will be deprived of water to which he is entitled under his certificate of appropriation.

Counsel for the respective parties devote considerable space in their briefs to a discussion of the question of whether or not the court in cause numbered 2888 civil had jurisdiction to fix or change the point where the parties to that suit diverted the water decreed to them. Counsel for the plaintiff contends that the state engineer is vested with exclusive jurisdiction to authorize a change of the place of diversion of water from a natural stream, as provided for in Comp. Laws Utah 1907, § 1288 x24, as amended by Laws Utah 1909, p. 90, c. 62, and by Laws Utah 1919, chap. 67, § 8, p. 179. Counsel for defendants contend that a court of equity, having taken jurisdiction of a controversy concerning water rights of a natural stream, has jurisdiction and is required to dispose of the entire controversy, including the fixing of the point or points where the water shall be diverted. The question of law which thus divides the parties is not involved in this appeal, and therefore we do not express any opinion concerning the same. The right which plaintiff asserts in this case was not affected by the decree entered in cause numbered 2888 civil either as to quantity of water awarded to the parties to that suit or as to the point or points where such water might be diverted from the river. The rights of the parties to this suit both as to quantity of water and point of diversion must be determined without regard to the provisions of the decree made and entered in cause numbered 2888 civil.

Complaint is made by the plaintiff because the trial court admitted in evidence applications to appropriate water from Provo river which were filed in the office of the state

engineer by the defendant Provo Reservoir Company. Plaintiff contends that an application to appropriate water is not a proper subject-matter of litigation during the time it is pending in the office of the state engineer; that only after the state engineer has finally disposed of an application to appropriate water does it become a proper matter of judicial inquiry. In support of such contention, the following cases are cited: *Conley* v. *Dyer*, 43 Colo. 22, 95 P. 304; *Robinson* v. *Schoenfeld*, 62 Utah 233, 218 P. 1041; *Rincon Water & Power Co.* v. *Anaheim Union Water Co.* (C. C.) 115 F. 543; *Umatilla Irrigation Co.* v. *Umatilla Improvement* Co., 22 Or. 366, 30 P. 30. In the case of *Robinson* v. *Schoenfeld*, supra, this court held that the filing of an application in the office of the state engineer gives the applicant an incomplete or inchoate right which he may defend in a court of law. Indeed, if an applicant were precluded from defending the rights which he acquires under an application, in a court of law or equity, he might well find it impossible, without any fault of his, to secure a certificate of appropriation. The state engineer is not authorized to issue a certificate until it is made to appear that the water applied for has been put to a beneficial use. Laws Utah 1919, chap. 67, § 56, p. 195. An applicant may be wrongfully prevented from applying to beneficial use water covered by his application, yet the state engineer is powerless to render him any assistance. The only forum where assistance may be rendered is in a court of law or equity. The court did not commit error in admitting in evidence applications to appropriate water from Provo river which were filed with the state engineer and which were in good standing.

It is impossible within reasonable limits to discuss in detail plaintiff's numerous assignments of error, and a further discussion would probably be of no assistance in a retrial of this case. Before concluding this opinion, however, there is one other matter which deserves further consideration. As heretofore stated, the plaintiff appeals from only a part of the decree made and en-

tered in this cause. He does not appeal from that part of the decree wherein "it is further ordered, adjudged and decreed that subject to the rights of the defendant corporation * * * the plaintiff is the owner of the right to the use of five cubic feet per second of the waters of Provo River, to be diverted at the point mentioned in said certificate No. 1310 from the 1st day of April to the 31st day of October, of each and every year." The defendants have appealed from that part of the decree just quoted, but for reasons heretofore discussed we are precluded from considering defendant's appeal. The question is presented, Should a new trial be granted as to the entire decree or only as to that portion of the decree which is appealed from by the plaintiff? Comp. Laws Utah 1917, § 6996, contains this provision:

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered a notice stating the appeal from the same, or some specific part thereof."

The following cases involve the application of the statute just quoted to situations similar to the one here presented: *Rosenthyne* v. *Matthews-McCulloch Co.,* 51 Utah 38, 168 P. 957; *Big Cottonwood Tanner Ditch Co.* v. *Shurtliff,* 49 Utah 569, 164 P. 856; *McCornick & Co., Bankers,* v. *National Copper Bank,* 49 Utah 296, 163 P. 1097; *San Pedro, L. A. & S. L. R. Co.* v. *Board of Education,* 35 Utah 13, 99 P. 263. The rule deducible from these cases is this: Where an appeal it taken from only a part of a judgment, and the part thus appealed from is divisible from the part not appealed from, an appellate court may consider only that part of the decree from which the appeal is taken. The part of a decree or judgment which is not appealed from must stand affirmed. In this case that part of the decree which sustains the validity of plaintiff's certificate of appropriation is clearly divisible from the remainder of the decree. It follows that the part of the decree which holds that plaintiff's certificate of appropriation is valid should be, and it accordingly is affirmed. The remainder of the decree is

reversed and the cause remanded to the District Court of Utah County with directions to grant a new trial. Plaintiff is awarded his costs on appeal.

CHERRY, C.J., and STRAUP, FOLLAND, and EPHRAIM HANSON, JJ., concur.