TANNER v. PROVO RESERVOIR CO. et al.

No. 6708. Decided March 28, 1945. (157 P. 2d 271.)

See 5 C. J. S. Appeal and Error, Sec. 1834; 27 R. C. L. 1272.

*Maurice Harding,* of Provo, for appellant.

*A. V. Watkins* and *A. L. Booth,* both of Provo, for respondents.

WOLFE, Justice.

This is an appeal by the plaintiff on the judgment roll. The matter has been in litigation for many years, having been twice previously appealed to this court. See *Tanner* v. *Provo Reservoir Co. et al.,* 1931, 78 Utah 158, 2 P. 2d 107, and *Tanner* v. *Provo Reservoir Co.,* 1940, 99 Utah 139, 98 P. 2d 695, for the former opinions. The appellant seeks by this appeal to correct what he believes to be errors in the decree which was entered by the district court pursuant to its interpretation of our last opinion, supra. The respondent contends that the lower court correctly interpreted our prior opinion and that the points raised by this appeal were all determined adversely to the appellant on the last appeal.

No attempt need here be made to review all of the facts giving rise to this dispute. They are stated in some detail in our former opinion, supra, reported in 99 Utah 139, 98 P. 2d 695. It is sufficient to note that both the plaintiff and the defendants claim the right to divert water from a point on the Provo River near the end of the tailrace of the Utah Power & Light Company flume. Sometimes there is not sufficient water at this point on the river to satisfy in full the claimed rights of both the plaintiff and the defendants after other prior rights have been satisfied.

In view of our holdings on the former appeals of this case, it is now conceded that the plaintiff has a valid right

to five second feet of water with a priority date of October 14, 1911. This right is represented by a certificate from the State Engineer known as Certificate of Appropriation Number 1310. The certificate describes the point of diversion by reference to the United States Land Survey. The lower court found that the point of diversion thus described is

"substantially where the tailrace of the Utah Power & Light Company joins the Provo River at the head gate of Provo Bench Canal.

It is likewise conceded that the defendants have a right to 50 second feet of water with a priority date of 1885. This right is known as the Blue Cliff right. The trial court held that the plaintiff was

"estopped to deny that said Blue Cliff right is 50 cubic feet of water per second of time with a priority of 1885, and is * * * estopped to deny * * * the right of defendants to change the point of diversion of the Blue Cliff right from the point where said waters were originally diverted to a point or points at or near the head gate of the Provo Bench Canal * * *."

It is this holding which the plaintiff assails. Plaintiff contends that this right to 50 second feet, known as the Blue Cliff right, consists of a right to divert only 46 second feet from the river and that the other four second feet is to come from certain springs; that in refusing to so limit the defendants' right and in providing that the defendants have a right to 50 second feet from the river, the court has enlarged the defendants' right at plaintiff's expense.

While it is not too clear from the briefs, the claimed detriment to the plaintiff apparently lies in the fact that the springs will or may not always yield four second feet of water. If defendants were limited to 46 second feet from the river and the springs failed during a given year or season to yield four second feet defendants would get only the 46 second feet plus whatever the springs did yield. But if defendants can permit the spring water

(whatever the quantity) to run into the river, and then divert 50 second feet from the river, even when the springs are not yielding four second feet, defendants are obviously better off than if limited to 46 second feet from the river and four second feet from springs that will not at all times yield that amount.

In finding number 14 the trial court found that the Blue Cliff Canal Company, to which defendants succeeded,

"appropriated and beneficially used * * * 50 cubic feet per second of the flow of the Provo River."

There are, however, several references in the findings regarding the Blue Cliff right which indicate that the Blue Cliff right in part consists of water from springs originally arising in and discharging their waters into the Blue Cliff Canal. For example, reference is made in finding number 20 to a decree in another civil cause (No. 2888) before the district court in and for Utah County, in which the Blue Cliff right is designated as

"water from springs originally arising in and discharging their waters into the Blue Cliff Canal including the Maple Spring to the amount of four second feet,"

and 46 second feet from the river. Findings 35 and 39 also in discussing the Blue Cliff right mention spring water. Were plaintiff not estopped to deny that the Blue Cliff right is for 50 second feet of water from the river at the tailrace, plaintiff would undoubtedly be entitled at least to a finding regarding the nature of the Blue Cliff right. But it has already been judicially determined that the plaintiff is so estopped.

The basis of the estoppel is set out in detail in our former opinions, supra, reported in 99 Utah 139, ■ 98 P. 2d 695, 696. We there stated that the

"point in issue is whether or not plaintiff is entitled to 5 cubic feet of water per second divertible from Provo River at the tailrace of the Utah Power & Light Company superior to the right of defend-

ant, Provo Reservoir Co., to divert at that point certain water designated as its Blue Cliff and Wright Waters."

We then held that the plaintiff was guilty of laches in not timely asserting his rights; that he had accepted the benefits from a decree of the district court in which the Blue Cliff rights were fixed at 50 second feet divertible from the river at the tailrace, a position inconsistent with his claim that the Blue Cliff right was for only 46 second feet from the river. But aside from the laches and the recognition of the decree, we held that because of plaintiff's "positive conduct during the years from 1913 to 1921, inclusive," he is now estopped "to deny that the Blue Cliff right is for 50 second feet of water divertible from the river at the tailrace." It has thus already been judicially determined that as against the plaintiff, the defendants' Blue Cliff right is for 50 second feet divertible from the river at the tailrace. This holding is the law of the case. It is binding on us as well as on the trial court. There was no error in the refusal of the trial court to designate the Blue Cliff right as a right to 46 second feet from the river and four second feet from the springs.

The remaining questions which plaintiff seeks to have determined by this appeal are clearly no concern of the plaintiff. They relate to the rights of the Utah Power & Light Company as against the defendants. Even if the rights as between the Power Company and the defendants are as plaintiff contends, it still does not change the fact that plaintiff cannot now deny the right of the defendants under their Blue Cliff right to divert 50 second feet of water from the river at the tailrace. The judgment must therefore be affirmed.

At the hearing on appeal, counsel for the plaintiff stated that, apparently inadvertently, the finding served on him by the defendants did not in all particulars comport to the findings signed by the trial court. The findings so served purported to be a copy of the findings signed and entered by the court. Counsel stated that the variance was not discovered until that morning immed-

iately before the hearing. Counsel exhibited the findings served on him and it appeared that said findings contained a recital that the Blue Cliff right was for 46 second feet of river water and four feet of spring water. The main point on appeal was that the court erred in not so providing in its degree. The appeal was on the judgment roll. Appellant apparently thought that the findings recited that the Blue Cliff right was limited to 46 second feet of river water. If the findings in fact had so recited, his contention on appeal that the court erred in not having the decree so provide would have had more substance and this may have induced him to bring the appeal. However, the holding of the trial court and our prior holding regarding estoppel would still have required that as against the plaintiff, defendants be given a right to 50 second feet of river water. Since the plaintiff claims to have had no opportunity to present this matter, the judgment for costs should be and is without prejudice to the bringing of this matter before the court. A motion to reconsider costs on appeal properly framed to present this situation will be entertained if submitted before time for rehearing expires.

Judgment affirmed. Costs to respondents.

LARSON, C. J., and McDONOUGH, TURNER, and WADE, JJ., concur.